IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| JOE R. PALMER, an individual, | : | Civil No. 2:04 CV 0956 DAK |
| Plaintiff, | : | |
| vs. | : | ORDER AND MEMORANDUM DECISION |
| WAL-MART STORES, INC., | : | |
| Defendant. | | Judge Dale A. Kimball |
| | | Magistrate Judge Brooke C. Wells |

Usually, a court is to evaluate the following factors before imposing dismissal as a sanction:

>    (1) the degree of actual prejudice to the [other party];
>    (2) the amount of interference with the judicial process; . . .
>    (3) the culpability of the litigant;
>    (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;
>    (5) the efficacy of lesser sanctions.[1]

Upon further review of the record, the court does not recommend

---

[1] *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations omitted).

to the district court that this case be dismissed **at this time**. But, as articulated from the bench, the court does GRANT Wal-Mart's Motion to Compel,[2] Motion to Expedite Briefing[3] and Wal-Mart's Motion for Attorney Fees and Costs.[4]

On October 7, 2005, this court held a hearing on Wal-Mart's motions after having ordered expedited briefing based on the impending discovery deadline.  Following the hearing, the court verified that Plaintiff's counsel did have a jury trial at justice court the following week as represented before this court.  But, this does not change the underlying findings made by the court which support the granting of Wal-Mart's motions.  The court finds Palmer's counsel, Mr. Bruce Oliver, was negligent in returning phone calls, simply failed to notify Wal-Mart's counsel that his client could not attend a scheduled deposition, failed to provide the requested relevant discovery, and acted with blatant indifference toward Wal-Mart's counsel Ms. Sammi Anderson.  Based on the foregoing the court HEREBY ORDERS:

(1) Palmer and Mr. Oliver are to provide all discovery that was promulgated by Wal-Mart in May 2005 by November 18, 2005 at 5:00 p.m.  Mr. Oliver is also to file with the court by this same time an affidavit attesting that all such discovery has been

---

[2] *See* Motion, docket num. 21.

[3] *See* Motion, docket num. 24.

[4] *See* Motion, docket num. 31.


provided to Wal-Mart.

Additionally, Mr. Oliver is to contact his client, then schedule and attend any necessary deposition(s) by December 16, 2005.

(2) At the court's request, Ms. Anderson submitted an affidavit outlining the fees associated with the bringing of this motion and the missed deposition.  In accordance with that affidavit, the court's discretion in imposing sanctions, and Mr. Oliver's failures to cooperate, the court HEREBY ORDERS Mr. Oliver to pay Wal-Mart's attorney fees and costs in the amount of $2,688.26 by November 30, 2005 at 5:00 p.m.  This is to come directly from Mr. Oliver because of his failures to diligently pursue this case.

(3) Based on well established case law,[5] the court hereby warns Mr. Oliver that failure to cooperate and abide by the court's orders may result in the dismissal of the instant action along with further sanctions.  If Mr. Oliver's client does not wish to pursue the instant action or if Mr. Oliver cannot diligently prosecute this matter, then Plaintiff should voluntarily dismiss this action.

Based on the foregoing, it is necessary to extend the discovery deadline and strike the trial date in this case.  The court STRIKES the trial date and ORDERS the parties to contact

---

[5] *See* fn. 1 *supra*.

each other and submit to the court a new discovery schedule by December 2, 2005.  Plaintiff's counsel is to fully cooperate in establishing the new proposed schedule.  Failure to candidly cooperate may result in the imposition of further sanctions.

      IT IS SO ORDERED.

      DATED this  4th  day of November 4, 2005.

                              BY THE COURT:

                              _____
                              Brooke C. Wells
                              United States Magistrate Judge