IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| JOE R. PALMER, an individual, | : | Civil No. 2:04 CV 0956 DAK |
| Plaintiff, | : | |
| vs. | : | REPORT AND RECOMMENDATION |
| WAL-MART STORES, INC., | : | Judge Dale A. Kimball |
| Defendant. | | Magistrate Judge Brooke C. Wells |

Before the court are Defendant's Motion to Strike and Motion for Sanctions[1] and Plaintiff's Motion for Protective Order.[2] A review of the record in this case unfortunately indicates some serious problems between the parties. The heart of the problems arise from the inability of Defendant to obtain requested discovery from Plaintiff that is relevant and the subject of court order. Given the nature of what has occurred and the failure of Plaintiff's counsel to heed this court's stern warnings, the court RECOMMENDS that the district court dismiss the instant action and enter whatever other sanctions it finds appropriate.

On October 7, 2005, this court held a hearing and granted

---

[1] Docket nos. 47, 48.

[2] Docket no. 54.

Wal-Mart's motion to compel, motion for attorney fees, and motion for sanctions. At the time, the court also considered the serious sanction of dismissal. After further review of the record this court in a written decision declined to recommend dismissal at that time. But, the court issued a stern warning to Palmer's counsel, Mr. Bruce Oliver, that further delays and non cooperation would not be tolerated.[3] In its decision the court cited the factors set forth in *Gripe v. City of Enid*,[4] which must be considered before imposing dismissal as a sanction. These are:

> (1) the degree of actual prejudice to the [other party];
> (2) the amount of interference with the judicial process; . . .
> (3) the culpability of the litigant;
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;
> (5) the efficacy of lesser sanctions.[5]

With these factors as a backdrop the court addresses the motions before it.

**I.  Motion to Strike**

First, pursuant to Rule 37(c), Wal-Mart moves to strike Plaintiff's witness, Jason John Williams, because "this witness

---

[3]  *See* Order dated November 4, 2005, p. 1-2.

[4]  312 F.3d 1184, 1187 (10th Cir. 2002).

[5]  *Id.* (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations omitted).

was disclosed after both the fact and expert discovery cutoff dates."[6]  Therefore, under Rule 37(c), "Mr. Williams should not be allowed to testify by affidavit or at trial."[7]  Rule 37(c) states in relevant part:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.[8]

Here, the original action was filed on October 12, 2004.  A scheduling order was entered permitting fact discovery until October 15, 2005, and allowing the parties until October 30, 2005, to disclose expert witnesses.  In response to court-ordered discovery from a hearing held on October 7, 2005, Plaintiff disclosed in its production on November 18, 2005, a new witness, Jason John Williams.  Defendant argues that this court did not give Plaintiff an enlargement of time in order to re-evaluate his case and thereby incorporate new theories or witnesses.  Further, "Plaintiff's untimely disclosure of Mr. Williams is particularly egregious in light of Plaintiff's prior sworn testimony that he

---

[6]  Def.'s Mtn. p. i.

[7]  *Id.*

[8]  Fed. R. Civ. P. 37(c)(1).  The rule also gives a court discretion to enter lesser sanctions when choosing to allow the use of improperly disclosed information.

does *not* intend to introduce evidence of his medical care."[9] At paragraph 33 of Plaintiff's affidavit filed in response to the hearing held before this court, Plaintiff specifically states "[i]t was not my intentions to ever use those records at Bear River, so what matter did it make."[10]

In opposition, Plaintiff argues that Mr. Williams can be called as a witness because discovery is not closed based on this court's November order.[11] In the November order this court did strike the trial date and extend discovery.[12] This was done however, out of necessity in light of the actions of Plaintiff and his counsel Mr. Oliver. In the order the court reiterated its findings from the October 7th hearing:

> 1 - Mr. Oliver was negligent in returning phone calls;
> 2 - Mr. Oliver failed to notify Wal-Mart's counsel that his client could not attend a scheduled deposition;
> 3 - Plaintiff failed to provide requested relevant discovery; and
> 4 - Mr. Oliver acted with "blatant indifference" toward Wal-Mart's counsel, Ms. Sammi Anderson.[13]

There is nothing before the court that leads this court to change these findings.

Accordingly, Plaintiff and his counsel cannot now benefit from their own improper actions by calling a "surprise" witness that should have been revealed long ago. To allow Plaintiff to

---

[9] Def.'s Mtn. p. 1.

[10] Docket no. 41 p. 5.

[11] *See* Op. p. 8.

[12] *See* Order dated November 4, 2005, p. 3-4.

[13] *Id.* p. 2.

use this witness would violate equitable principles found in many areas of the law, including the law that governs this case.[14] Finally, Plaintiff fails to offer any "substantial justification" for failing to disclose this witness.[15] The court, therefore, GRANTS Wal-Mart's Motion to Strike.

## II. Wal-Mart's Motion For Sanction and Palmer's Motion for Protective Order

Next, Wal-Mart seeks sanctions, including dismissal, for the alleged failure of Plaintiff to comply with this court's November order. In further support of its arguments, Wal-Mart filed a supplemental memorandum outlining four additional violations of the discovery rules. In the supplemental memoranda Wal-Mart argues the following.

First, Plaintiff tried to improperly influence the testimony of Mr. Brady Adams - the single witness Wal-Mart has been able to depose. In his testimony, Mr. Brady admits that he was promised payment for favorable testimony.[16]

Second, during Plaintiff's own deposition he allegedly refused to answer questions. Eventually, this led to Plaintiff's

---

[14] *See, e.g., Chasteen et al. v. UNISIA JECS Corp.*, 216 F.3d 1212, (10th Cir 2000) (stating that "a person should not be permitted to benefit from *his or her own* wrongdoing") (emphasis in original) (quotations omitted). This equitable principle is also inherent in the criminal-forfeiture statutes passed by congress. For example, see 21 U.S.C.A. § 853.

[15] *See* Fed. R. Civ. P. 37(c)(1).

[16] *See* Supp. Mem. p. 1.

counsel requesting to take the deposition in front of a magistrate when told by Wal-Mart's counsel's that the deposition would only continue if Plaintiff would abide by the Federal Rules of Civil Procedure.[17]

Third, Plaintiff and his counsel have "obstructed Wal-Mart's efforts to depose Plaintiff's wife, Lupe Palmer."[18]  In discovery responses, Plaintiff identified his wife, Lupe, as a supportive witness.  But, when Wal-Mart sought Lupe's contact information Plaintiff did not provide it, nor did Plaintiff's counsel.  This was done despite the fact that this information was subject to part of this court's prior order granting Wal-Mart's motion to compel.  Finally, Plaintiff's counsel acted deceptively in telling Wal-Mart's counsel on the eve of Lupe's deposition that he would not accept service for on her behalf.

Fourth, Plaintiff and his counsel have not provided a sworn verification of Plaintiff's supplemental discovery responses despite requests by Wal-Mart to do so.

In opposition, Plaintiff argues "[t]here is not disobedience [to this court's order] only Defendant's lies."[19]  According to Plaintiff all required discovery that was the subject of this court's order was provided "even before the November 7, 2005 order was issued."[20]  Only the Bear River Mental Health records

---

[17] *See id.* p. 4.

[18] *Id.* p. ii.

[19] Op. p. 6.

[20] *Id.*

were provided on November 18, 2005, which was the deadline established by the court's order.

Next, in response to Wal-Mart's motion Plaintiff moves for a protective order in which Plaintiff requests that:

> (1) Wal-Mart be banned from resuming the terminated deposition of Mr. Palmer, (2) that if Wal-Mart desires to depose Lupe Plalmer, that the deposition be limited to two hours or less, unless the Defendant can demonstrate good cause why a deposition of a peripheral spousal witness is necessary for longer than that-it can even submit its grounds to the Court *in camera*; (3) that Defendant's counsel permit deponents to answer the questions posed without interruption; (4) that Defendant and counsel be instructed to present facts and represent themselves accurately, honestly and fully, (5) that Defendant should be cautioned that false material omissions and half-truths are contemptuous and will not be condoned by the Court; and (6) that failure to abide by the Court's order may result in Wal-Mart's Answer being stricken and or that counsel may be referred for disciplinary proceedings.[21]

Based on the record before the court, the court finds no support for Plaintiff's request for a protective order. From a reading of the deposition testimony it appears that it was Plaintiff and Plaintiff's counsel that were uncooperative and not Wal-Mart's counsel. Further, there is nothing in the record to indicate Wal-Mart's counsel has acted unprofessionally or provided inaccurate facts. Finally, after a thorough review of the record, this court finds that the evidence supports Wal-Mart's arguments. The court therefore, DENIES Palmer's Motion for Protective Order.

In light of this decision, the court next considers the

---

[21] *Id.* p. 9.

factors for recommending a dismissal of this action as a sanction for Plaintiff's conduct. "A district court undoubtedly has discretion to sanction a party for failing to prosecute . . ., or for failing to comply with local or federal procedural rules."[22] Further, "a district court has discretion to dismiss a case for discovery violations."[23]

A.  **Factors for Dismissal**

The following factors must be considered when deciding whether or not to dismiss an action based on a parties conduct. They are,

> (1) the degree of actual prejudice to the [other party];
> (2) the amount of interference with the judicial process; . . .
> (3) the culpability of the litigant;
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;
> (5) the efficacy of lesser sanctions.[24]

Previously this court declined to recommend dismissal as a sanction.[25] Now however, the court finds that dismissal is warranted.

---

[22] *Reed v. Bennett*, 312 F.3d 1190, 1295 (10th Cir.).

[23] *Schroeder v. Southwest Airlines*, 129 Fed. Appx. 481, 483 (10th Cir. 2005); *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1151-52 (Utah 2003).

[24] *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002).

[25] *See* Order dated November 4, 2005, p. 1-2.

**(i) The Degree Of Actual Prejudice To The Other Party**

Here, Plaintiff initiated this litigation.  But, Palmer has been negligent in providing requested discovery and witness information.  Specifically, the court finds that Plaintiff has led to increased attorney fees for Wal-Mart.  Plaintiff has inappropriately missed a deposition and failed to provide witness information that was in his possession, including information for Lupe Palmer, a supportive witness.  Attorney fees have also been needlessly increased due to the necessity of filing motions, including the present motions, because of the failure of Plaintiff to provide relevant discovery in a timely manner.  Although a client may move during a case, as happened here, that is still no excuse for client's counsel's failure to keep track of his client and provide requested discovery that is in the client's possession.

Accordingly, the court finds that there has been prejudice to Wal-Mart.

**(ii) The Amount Of Interference With The Judicial Process**

Courts have found interference with the judicial process where parties have ignored court orders which have hindered a court's ability to manage its docket by placing unnecessary burdens on the court and the opposing party.[26]  Here, Plaintiff

---

[26] *See Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993); *see also In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (en banc) (stating that "management of its docket and avoidance of unnecessary burdens on the tax-supported courts" are a matter most critical to the court).

has failed to abide by court orders and the Federal Rules. Instead, Plaintiff has withheld discovery, failed to cooperate with Wal-Mart's counsel, sought to change depositions in an untimely manner and have taken an inappropriate amount of this court's resources on matters which should have been resolved in connection with simply abiding by the Federal Rules.

Accordingly, the court finds that there has been interference with the judicial process.

### (iii) The Culpability Of The Litigant

Plaintiff's counsel seems to allege that it was his client's relocation to Idaho which inhibited his ability to provide discovery. Yet, as discussed previously, this court does not consider a client's relocation an appropriate excuse for months of delay in providing discovery. While some delay might be inevitable, the delay by Plaintiff and his counsel in this case was inappropriate.

Further, in affidavits filed by Mr. Palmer, it is clear that he understands his obligations to provide certain requested documents. But, based on the evidence before this court, Palmer has failed to do so.

Finally, the deposition testimony before this court shows defiance by both Plaintiff and Plaintiff's counsel to abide by the Federal Rules.

Accordingly, the court finds that Plaintiff and his attorney are both culpable for what has occurred in the instant case.

**(iv) Whether The Party Was Warned In Advance**

In the November order this court stated: "the court hereby warns Mr. Oliver that failure to cooperate and abide by the court's orders may result in the dismissal of the instant action along with further sanctions."[27] Based on the evidence before this court, the court finds that Plaintiff and or Plaintiff's counsel failed to cooperate despite this court's warning. Thus, Plaintiff has been warned that dismissal may occur.

**(v) Efficacy Of Lessor Sanctions**

Finally, this court has sought to enforce lessor sanctions including attorney fees instead of recommending dismissal. Despite this, Plaintiffs own actions have demonstrated that lessor sanctions continue to fail to properly motivate Plaintiff to diligently prosecute this case. Accordingly, dismissal is warranted.

Based on the foregoing the court:

GRANTS Wal-Mart's Motion to Strike;

DENIES Palmer's Motion for Protective Order;

RECOMMENDS that this action be dismissed; and that the district court enter any other sanctions it finds appropriate.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to

---

[27] Order dated November 4, 2005, p. 3.

object may constitute a waiver of objections upon subsequent review.

DATED this  23rd  day of March, 2006.

BY THE COURT:

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge